ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

MEREDITH L. FLAX, Deputy Section Chief
NICOLE M. SMITH, Assistant Section Chief
KIERAN F. O'NEIL, Trial Attorney (AK Bar No. 2311132)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 598-0409
Fax: (202) 305-0275
E-mail: Kieran.O'Neil@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILD FISH CONSERVANCY,

      *Plaintiff*,

    v.

U.S. DEPARTMENT OF COMMERCE;
HOWARD W. LUTNICK, in his official capacity
as Secretary of the U.S. Department of
Commerce; NATIONAL MARINE FISHERIES
SERVICE; and EUGENIO PIÑEIRO SOLER, in
his official capacity as Director of the National
Marine Fisheries Service,

      *Defendants*.

Case No. 1:25-cv-01401-TNM

## STIPULATED SETTLEMENT AGREEMENT

Plaintiff Wild Fish Conservancy ("Plaintiff") and Defendants the U.S. Department of

Commerce, Howard W. Lutnick, in his official capacity as Secretary of the U.S. Department of

1

Commerce, the National Marine Fisheries Service ("Service"), and Eugenio Piñeiro Soler, in his official capacity as Director of the Service (collectively, "Defendants"), by and through their undersigned representatives, enter into the following Stipulated Settlement Agreement ("Agreement") for the purpose of resolving the above-captioned matter, and state as follows:

WHEREAS, Plaintiff's Complaint alleges a failure to make a finding pursuant to 16 U.S.C. § 1533(b)(3)(B) ("12-month finding") on Plaintiff's January 11, 2024 Petition to Designate Evolutionary Significant Units and List Alaskan Chinook Salmon (*Oncorhynchus tshawytscha*) under the Endangered Species Act ("Petition");

WHEREAS, in response to Plaintiff's Petition, the Service concluded that listing Gulf of Alaska Chinook salmon, or any evolutionarily significant units ("ESUs") that may exist, under the Endangered Species Act ("ESA") "may be warranted." 89 Fed. Reg. 45815 (May 24, 2024);

WHEREAS, the Service has not yet issued a 12-month finding on Plaintiff's Petition;

WHEREAS, Plaintiff and Defendants (collectively, the "Parties," and individually, the "Party") believe that settlement in the manner described below is in the public interest and is an appropriate and efficient way to resolve the claims in the above-captioned case;

WHEREAS, the Service intends to provide Plaintiff notice of the publication date in the Federal Register referenced in Paragraph 1 on or before the date of publication;

NOW THEREFORE, the Parties desire to compromise and settle Plaintiff's case according to the terms set forth below, and thus agree to this Stipulated Settlement Agreement:

1.    On or before May 13, 2026, the Service will submit to the Office of the Federal Register for publication a 12-month finding pursuant to 16 U.S.C. § 1533(b)(3)(B) on Plaintiff's January 2024 Petition to list one or more ESUs of Gulf of Alaska Chinook salmon.

2.      Plaintiff agrees that, upon approval of this Agreement by the Court, Plaintiff's Complaint shall be dismissed with prejudice. To challenge any final 12-month finding issued pursuant to Paragraph 1, Plaintiff must file a separate action. The Service reserves the right to raise any applicable claims or defenses to such challenges.

3.      Future Modifications of this Agreement: The Dismissal Order entering this Stipulated Settlement Agreement ("Order") may only be modified by the Court. The Order may be modified upon good cause shown by stipulated motion of both the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and as granted by the Court after appropriate briefing. In the event that either Plaintiff or Defendants seek to modify the terms of this Agreement, they will first provide written notice of the proposed modification and the reasons for such modification to the other Party. The Parties will then meet and confer (virtually, telephonically, or in person) at the earliest possible time before any Party seeks this Court's approval for modification.

4.      Dispute Resolution:

A.      If any Party believes another Party has failed to comply with any term of this Agreement, the Party asserting noncompliance shall provide the other(s) with written notice and the basis for the alleged noncompliance. The Parties shall meet and confer (virtually, telephonically, or in person) to attempt to resolve the dispute within 14 calendar days of the written notice or such time thereafter as is mutually agreed upon.

B.      After the initial meet and confer, the Parties will have 30 days, or such time thereafter as is mutually agreed upon, to resolve the dispute. If the Parties are unable to resolve the dispute within that time, then either Party may file a motion to enforce the Order.

C.     If any Party fails to meet any of its obligations under Paragraphs 1 through 4 of this Agreement, the other Party's first remedy shall be by motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5.     Attorneys' Fees and Costs:

A.     Plaintiff reserves the right to request attorneys' fees and costs from Defendants pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540(g), and Defendants reserve their right to contest Plaintiff's entitlement to recover fees and the amount of any such fees and do not waive any objection or defense that they may have to any fees and costs request from Plaintiff.

B.     The Parties stipulate and jointly move the Court to extend the deadline under Federal Rule of Civil Procedure 54(d) for Plaintiff to file a motion for an award of attorneys' fees and costs to ninety (90) days of the entry of the order by this Court approving this Agreement. Briefing and adjudication of Plaintiff's motion for attorneys' fees and costs and Defendants' opposition thereto will proceed as provided in Local Civil Rule 7. In the event that Plaintiff files such a motion, Defendants reserve the right to contest entitlement to and/or the reasonableness of the amount of Plaintiff's claims to attorneys' fees and costs, including the hourly rates and number of hours billed.

C.     By this Agreement, Plaintiff does not waive any right to seek additional fees and costs incurred in any future litigation or continuation of the present action. Additionally, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including hourly rates and the number of hours billed, in any future litigation or continuation of the present action.

6.     Representative Authority: The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each Party, by and through its undersigned representative, represents and warrants that it has the legal power

4

and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

7.    Compliance with Other Laws: This Agreement requires only that Defendants take the action specified in Paragraph 1. Nothing in this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Defendants obligate or pay funds, or take any other actions, in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, the ESA, the Administrative Procedure Act ("APA"), or any other applicable law or regulation, either substantive or procedural. Nothing in this Agreement is intended to, or shall be construed to, waive any obligation to exhaust administrative remedies; to constitute an independent waiver of the United States' sovereign immunity; to change the standard of judicial review of federal agency actions under the APA; or to otherwise extend or grant the Court jurisdiction to hear any matter, except as expressly provided in the Agreement. Nothing in this Agreement is intended to, or shall be construed to, limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any finding required herein, or as to the substance of any findings made pursuant to Paragraph 1 of the Agreement.

8.    Mutual Drafting and Other Provisions:

A.    It is hereby expressly understood and agreed that this Agreement was jointly drafted by Plaintiff and Defendants. Accordingly, the Parties hereby agree that any rule of construction to the effect that ambiguity is construed against the drafting Party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Agreement.

B.    The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties. By entering into this Agreement, none of the Parties waive any legal rights, claims, or defenses except as expressly stated herein. This Agreement contains all terms of agreement between Plaintiff and Defendants and is intended to be and is the final and sole agreement between Plaintiff and Defendants concerning the complete and final resolution of Plaintiff's Complaint except as otherwise expressly provided herein. Plaintiff and Defendants agree that any other prior or

contemporaneous representations or understandings not explicitly contained in this Agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Agreement must be in writing and approved by this Court.

C.      This Agreement is the result of compromise and settlement, and does not constitute an admission, implied or otherwise, by Plaintiff or Defendants to any fact, claim, defense, or issue of law. No part of this Agreement shall have precedential value in any other pending or future lawsuit, representations before any court, administrative action, forum, or any public setting. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims or defenses it may have. No Party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing a 12-month finding for any petitioned species.

D.      Nothing in this Agreement shall be construed or offered as evidence in any other litigation as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Nothing in this Agreement may be construed or offered as evidence in any proceeding as to what may constitute a reasonable timeline for making findings regarding the listing of any species. This Agreement may be offered as evidence and otherwise relied upon, without limitation, in proceedings: to modify this Agreement under Paragraph 3, above; to resolve disputes under or enforce this Agreement under Paragraph 4, above; or for an award of attorneys' fees and costs under Paragraph 5, above. Except as expressly provided in this Agreement, none of the Parties waive or relinquish any legal rights, claims, or defenses they may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

E.      The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement.

9.      Continued Jurisdiction: Upon adoption of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to

oversee any motion for attorneys' fees and costs, compliance with the terms of this Agreement, and resolution of any motions to modify the terms of this Agreement, subject to the dispute resolution procedures specified in Paragraph 4, above, until Defendants satisfy their obligations under this Agreement and until the Court resolves any motion for an award of attorneys' fees and costs filed under Paragraph 5, above. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

Respectfully submitted this 27th day of February, 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
MEREDITH L. FLAX, Deputy Section Chief
NICOLE SMITH, Assistant Section Chief

By:  s/  *Kieran F. O'Neil*
KIERAN F. O'NEIL, Trial Attorney
AK Bar No. 2311132
U.S. Department of Justice
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel:    (202) 598-0409
Fax:    (202) 305-0275
Email: Kieran.O'Neil@usdoj.gov

*Attorneys for Defendants*

By:  s/  *Brian A. Knutsen (with permission)*
Brian A. Knutsen
Oregon State Bar No. 112266
Kampmeier & Knutsen, PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515
brian@kampmeierknutsen.com

By:  s/  *William S. Eubanks II (with permission)*
William S. Eubanks II
DC Bar No. 987036
Eubanks & Associates, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(970) 703-6060
bill@eubankslegal.com

*Attorneys for Plaintiff Wild Fish Conservancy*